-51-

Under Count III of the amended complaint, the Court grants default judgment in favor of the Trustee and against Madonna. The Court holds that the Trustee has demonstrated that the transfer of $290,000 by the Debtor for the purchase of the Hinsdale Property and the transfer of $31,000 for repairs and improvements to that Property were fraudulent under 740 ILL. COMP. STAT. 160/5(a)(1) and (2). As such, the transfers are avoidable under § 544(b)(1) and 740 ILL. COMP. STAT. 160/8(a)(1). Pursuant to § 550(a)(1) and 740 ILL. COMP. STAT. 160/9(b), the transfers can be recovered for the benefit of the Debtor's estate. The Court awards judgment in the sum of $321,000 to the Trustee and against Mercedes and Madonna, the entities for whose benefit the transfers were made. Further, the Court awards the Trustee prejudgment interest from the date of the filing of the adversary proceeding, June 27, 2006, pursuant to the rate set forth in 28 U.S.C. § 1961. Moreover, the Court assesses the Trustee's taxable costs against Madonna and Mercedes pursuant to 28 U.S.C. § 1920. The Trustee shall submit a bill therefor pursuant to Local Bankruptcy Rule 7054-1 within thirty days hereof. The Court declines to award the Trustee his attorneys' fees and tax same against Mercedes and Madonna.

Pursuant to Count IV of the amended complaint, the Court holds that the Trustee has demonstrated that the transfer by the Debtor of $63,000 to satisfy a mortgage on property owned by Madonna was fraudulent under 740 ILL. COMP. STAT. 160/5(a)(1) and (2). As such, the transfer is avoidable under § 544(b)(1) and 740 ILL. COMP. STAT. 160/8(a)(1). Pursuant to § 550(a)(1) and 740 ILL. COMP. STAT. 160/9(b), the transfer can be recovered for the benefit of the Debtor's estate. The Court awards a default judgment in the sum of $63,000 to the Trustee and against Madonna, the entity for whose benefit the transfer was made. In addition,

-52-

the Court awards the Trustee prejudgment interest from the date the adversary proceeding was commenced, June 27, 2006, pursuant to the rate set forth in 28 U.S.C. § 1961. Moreover, the Court assesses the Trustee's taxable costs against Madonna pursuant to 28 U.S.C. § 1920. The Trustee shall submit a bill therefor pursuant to Local Bankruptcy Rule 7054-1 within thirty days hereof. The Court denies the Trustee's request for an award of attorneys' fees.

Under Count V of the amended complaint, the Court holds that the Trustee has demonstrated all of the necessary elements under 11 U.S.C. § 363(h). Accordingly, the Court authorizes the Trustee to sell the Burr Ridge Property free and clear of any interest that Mercedes may have in the Property, subject to her homestead rights under applicable Illinois law and her right to an undivided one-half share of the net sale proceeds.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

ENTERED:

DATE: 12/17/7

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### David R. Brown, Trustee v. Mercedes Phillips, et al
Adversary No. 06 A 01180

James J. Burns, Jr., Esq.
Burns & Wineck
53 W. Jackson Blvd., Suite 909
Chicago, IL 60604

Adam Lysinski, Esq.
Lysinski & Associates, PC
4418 N. Milwaukee Avenue
Chicago, IL 60630

Brendan Shiller, Esq.
Law Offices of Brendan Shiller
36 S. Wabash Ave., Suite 1310
Chicago, IL 60603

David R. Brown, Esq.
Springer, Brown, Covey, Gaertner & Davis
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

Arthur W. Rummler, Esq.
Michael J. Davis, Esq.
Springer, Brown, Covey, Gaertner & Davis
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

William T. Neary, United States Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606

First National Bank of LaGrange
620 W. Burlington Avenue
LaGrange, IL 60525